

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00218-CR

Jacob Michael **OVERGARD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B20302
Honorable M. Patrick Maguire, Judge Presiding

Opinion by:    H. Todd McCray, Justice

Sitting:       Irene Rios, Justice
               Lori Massey Brissette, Justice
               H. Todd McCray, Justice

Delivered and Filed: March 5, 2025

AFFIRMED; MOTION TO WITHDRAW GRANTED

Appellant Jacob Michael Overgard was charged with continuous sexual abuse of a child younger than 14 years of age from October 15, 2018 through April 4, 2020 by committing aggravated sexual assault. TEX. PENAL CODE § 21.02(b)(2)(A). After a one-week trial with twenty-three witnesses, a jury found Overgard guilty. The trial court sentenced Overgard to life imprisonment. Overgard appealed. His court-appointed appellate counsel filed an *Anders* brief, and the State filed a brief waiver.

**COURT-APPOINTED COUNSEL'S ANDERS BRIEF**

Overgard's court-appointed appellate counsel's brief contained a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. The brief recited the relevant facts with citations to the record. The brief presented a thorough review of the appellate record and a careful analysis of potential appellate issues. Counsel concluded, "there is no basis for presenting any nonfrivolous appeal." *See Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

Appellate counsel's brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel provided Overgard with a copy of the brief and counsel's motion to withdraw, and he informed Overgard of his right to review the record and file a pro se brief. *See Nichols*, 954 S.W.2d at 85-86; *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Counsel also provided Overgard with a draft pro se motion to request a free copy of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Overgard did not request a copy of the record nor file a pro se brief.

**CONCLUSION**

In addition to reviewing the *Anders* brief, we have thoroughly and independently reviewed the entire record including, but not limited to, the indictment, pretrial motions, jury selection, all evidence admitted at trial, the trial court's rulings on trial objections and motions, the jury charge, the punishment proceedings, and the sentence imposed. We conclude that (1) no reversible error exists in the record, (2) there are no meritorious arguable grounds for review, and (3) therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court, not counsel, determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v.*

*State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether any meritorious arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Because we conclude the appeal is without merit, we affirm the trial court's judgment and grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85-86; *Bruns*, 924 S.W.2d at 177 n.1.

### FURTHER REVIEW

No substitute counsel will be appointed. Through a retained attorney or by representing himself *pro se*, Overgard may ask the Court of Criminal Appeals to review his case by filing a petition for discretionary review. The petition must be filed with the clerk of the Court of Criminal Appeals within thirty days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2, 68.3. Any petition for discretionary review must also comply with Rule 68.4. *See* TEX. R. APP. P. 68.4.

H. Todd McCray, Justice

DO NOT PUBLISH